## Gray Unemployment Compensation Case.

Argued September 27, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*William Gray,* appellant, in propria persona.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, and *Bruce E. Cooper,* Associate Counsel, for appellee.

PER CURIAM, January 17, 1952:

The Unemployment Compensation Board of Review denied benefits to the claimant because he had voluntarily left his employment without good cause: Section 402(b) of the Unemployment Compensation Law, as amended, 43 PS §802 (b).

For more than four years appellant had been employed by the American Dredging Company as a deck hand. The nature of its business was such that the employer hired crews only for the duration of a particular job. Upon its completion there would normally be a short layoff until another job was begun.

The company could not determine in advance when work would again be available, and the employes kept in touch with their union representative in charge of hiring, and were by him advised thereof. The claimant was a member of the union and had followed this procedure all through the time that he worked for the company. The last he worked was in January, 1950. After that date he did not contact either the union representative or the company in order to be reassigned to

work. Work was available for him in February and March, 1950, but he chose to file for benefits beginning April 6, 1950.

Clearly claimant forfeited any right to benefits. He deliberately failed to take the steps which were required of him, and which he formerly had taken, to assure his reassignment to work. The Board's holding that he voluntarily left his employment without good cause was correct. He knew the nature of the business and the procedure for reporting for work reassignment, and he made no effort to return to duty.

Decision affirmed.